The Honorable Bill Clinton Governor of the State of Arkansas State Capitol Building Little Rock, AR 72201
Dear Governor Clinton:
You have requested an Official Opinion regarding a request made of the Arkansas National Guard (ANG) pursuant to the Arkansas Freedom of Information Act, A.C.A. 25-19-101 et seq., hereinafter the Arkansas FOIA.
According to your letter, certain types of information have been requested of the ANG by the Arkansas Peace Center, including 1988 deployment schedules of ANG troops in Central America, specific training and duties of those troops, specific communications between your office and the Department of Defense regarding any such scheduled deployment, any units, etc. which might already have been deployed to Central America during your tenure as Governor and records or papers required by A.C.A. 12-61-106(i) to be kept by the Adjutant General.
Initially, as you have noted, the duality of function of the ANG must be considered to answer your questions.
Your statement of the federal-state character of the ANG is correct. The ANG is a part of the United States armed forces as authorized by Article 1, 8, cl. 16 to the United States Constitution. That provision prescribes the organizing, arming and disciplining of the militia and for governance of those who are employed in the service of the United States. This clause is referred to as the "Militia Training Clause." It is pursuant to this Clause that states organize a militia. See, Dukakis v. U.S. Department of Defense, 686 F. Supp. 30 (D.Mass. 1988).
The "Armies Clause" of the United States Constitution (Art. 1, 8, cl. 12) provides similarly for organizing, arming, disciplining and governing those who are employed by the United States for defense.
A history of the National Guard is set out in Dukakis, supra at 33-34. There it is noted the National Defense Act of 1916 "federalized" the National Guard. Wiener, The Militia clause of the Constitution, 54 Harv. L. Rev. 181, 199 (1940).
The discussion therein illustrates the nature of the ANG:
 Under this [1916] statute, all members of the National Guard were required to take an oath to obey both the President and the governor of their state. This dual oath allowed the President to draft National Guard Members into federal service, at which time they were considered discharged from the militia.
In 1933, Congress made the National Guard a permanent part of the Army by creating a dual-enlistment system.
It did this by conferring a new status on the Guard, by constituting it a reserve component of the Army, to be known as the National Guard of the United States. In its militia capacity, the National Guard was organized and administered under the militia clause of the Constitution, and available only for limited duties. . . . The National Guard of the United States, in its capacity as a reserve component of the Army, was organized and was to be administered under the army clause.
In place of the former draft into federal service, as individuals, the Guard would be ordered into federal service as units. . . . Upon being relieved from federal service, all individuals and units would revert to their National Guard status. . . . Accordingly, the National Guard has today a dual status, and every Guardsman is a reservist as well as a militiaman.
Id. at 34 Article 6, 6 of the Arkansas Constitution provides for you, as Governor, to be commander-in-chief of the state's military forces except when they are in federal service. When those personnel are acting at the direction of the Governor for a state purpose, they are the state militia. See e.g., Jones v. Clark, Attorney General, 278 Ark. 119, 124, 644 S.W.2d 257 (1983). However, a Governor does not retain that same authority over National Guardsmen when they are ordered to federal active duty as they assume federal status. See, Dukakis v. Department of Defense, supra, at 13; Perpick v. United States Department of Defense, 666 F. Supp. 1319 (D.C. Minn. 1987); 10 U.S.C. § 672(f) (known as the "Montgomery Amendment").
Guidelines as to which entities the FOIA applies are found in Arkansas law. The act states that entities partially or wholly supported by public funds or expending public funds are covered.
For instance, in North Central Association of Colleges Schools v. Troutt Bros. Inc., 261 Ark. 378, 548 S.W.2d 825 (1977), the Arkansas Supreme Court held a voluntary organization subject to the FOIA because of shared staff and site of business activities between the association and state-funded institutions.
Also, in Arkansas Gazette Co. v. Southern State College, 273 Ark. 248,620 S.W.2d 258 (1981), app. dis'd., 455 U.S. 931 (1982), the Court held a private, voluntary organization subject to the FOIA because it received annual dues from public institutions and was therefore "partially supported by public funds," at 250.
It can be inferred as was done in our opinion No. 78-79, attached hereto, that the term "public funds" used in the FOIA includes federal monies received. In Rehab. Hospital Services Corp. v. Delta-Hills Systems Agency, Inc., 285 Ark. 397, 687 S.W.2d 840
(1985), the Court held Delta-Hills, a non-profit regional health planning corporation primarily funded and regulated by the federal government, was an entity coming within the parameters of the Arkansas FOIA. In so doing, the Court stated that the FOIA applies to "all organizations of the State" supported wholly or in part by public funds. Id. at 400.
In a law review article entitled "Access to Public Records Under the Arkansas Freedom of Information Act," the author, Dr. John Watkins, notes that although the FOIA itself is silent on the matter, the term public funds is broad enough to include federal as well as state and local funds. Id. at 763. (In footnote 108 to the text, he opines that thus, an agency created by the state but funded by the federal government — such as the National Guard — would be subject to the FOIA [citation to Arizona Attorney General's opinion omitted]).
Thus, as a general matter organizations of the State are subject to the FOIA regardless of the character (federal or state) of the monies received for their support.
This Office has previously opined that the mere receipt of public funds alone is insufficient to trigger the FOIA. See Opinion Nos.83-168 and 85-29 attached. Instead, entities receiving public monies must be engaged in a governmental or quasi-governmental function.
Thus, it must be determined whether the ANG (1) receives public funds; (2) whether it engages in a governmental activity; and (3) whether it is an agency of the State.
Within the meaning of the FOIA, the ANG clearly receives public funds.
According to the information we have, the ANG receives both federal and state funding. See, Acts 300 and 209 of 1987. Such State appropriation is made to the Military Department of Arkansas for maintenance of state property, salaries of state employees in the Professional Education Center and other state purposes.
The federal government provides 97.7% of the ANG budget, which monies are spent for military training, payment of troops, equipment, etc. in accordance with the National Defense Act mentioned above.
These funds, state and federal, are completely segregated and federal monies coming to the Guard are not appropriated from the State Treasury. Also, no state funds are used for the federal military function of the ANG and state fund financial records are kept in a separate physical location from the federal. (These factors are not mentioned because of the significance of the nature of the funds themselves. It has been established that all records of the ANG are "public records" within the meaning of the FOIA by the terms of the Act and as indicated by the Arkansas Supreme Court. Rather, these factors illustrate the totally separate nature of the entities — the federal ANG and the state ANG).
Clearly, the ANG engages in a governmental function, that of defense.
And, unquestionably, Arkansas regulates the ANG when they fulfill a state function. The Governor's duties, the Adjutant General's duties, the Guard's duties are all set out in Arkansas statutes. See, e.g., A.C.C. 12-61-113, 12-61-118, 202, 205 and 12-63-402.
However, the ANG is not a state agency when it engages in its federal function. It is my understanding that the State loses control over operations of the ANG at that point. The Adjutant General and the federally funded personnel then act at the direction of the U.S. President and pursuant to Congressional mandates. 10 U.S.C. § 101, 261, 3062 and 3077 and 3262;32 U.S.C. § 101(4). See also A.C.A. 12-61-101 which recognizes the federal role of the ANG.
Based on these facts, I conclude that the ANG, for purpose of this opinion, is two separate entities. The State ANG and its records, i.e., the report to the Governor from the Adjutant General, are subject to the FOIA.
But, when the ANG is fulfilling its federal function, inclusive of records attendant to that function, it is a federal entity. The terms of an Arkansas law cannot direct a federal agency to act in accordance therewith. In this specific instance, the United States Department of Defense has determined which of these records (relating to the federal function) are releasable under the federal FOIA. The federal law under which this determination was made pre-empts state law when those two are in conflict. It is my opinion that the Adjutant General's report to the Governor promulgated pursuant to A.C.A. 12-61-106(i) is within the coverage of the FOIA. The other specific records requested would only be releasable under federal law and federal agencies must decide upon their release.
The foregoing opinion, which I hereby approve, was prepared by Solicitor General R.B. Friedlander.