The Honorable Gary D. Hunter State Senator Route 8, Box 108 Mountain Home, Arkansas 72653
Dear Senator Hunter:
This is in response to your request for an opinion on whether a private citizen may obtain a financial statement from an area agency on aging under the Freedom of Information Act of 1987, A.C.A. §§ 25-19-101 to -107 (Repl. 1992 and Supp. 1993) (the "FOIA"). I assume the financial statement at issue is the agency's own; that is, I assume the statement reflects the financial position or results of operations of the agency, rather than of some other person or entity.
The FOIA provides that, unless an exemption with respect to a public record is available thereunder or under other law, all public records are open to inspection and copying. A.C.A. § 25-19-105(a) (Supp. 1993). "Public records" is defined as:
 writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any agency wholly or partially supported by public funds or expending public funds.
A.C.A. § 25-19-103(1) (Repl. 1992).
It is my understanding that, in Arkansas, area agencies on aging (the "agencies") are private, non-profit corporations. See Op. Att'y Gen.93-374; Op. Att'y Gen. 90-032. I assume for purposes of this opinion that the agencies receive, by way of the state, grant monies from the federal government under 42 U.S.C. §§ 3001 et seq. The state's designation of public agencies or private, non-profit organizations to act as area agencies on aging is, with exceptions not relevant here, a condition of eligibility to receive grants under the federal government's programs for older Americans. 42 U.S.C. § 3025(a)(2)(A). The laws governing those programs clearly contemplate that the states will redistribute grant funds to the agencies to carry out the programs. See, e.g., 42 U.S.C. § 3026. While it is not entirely clear from Arkansas statutory law whether the agencies continue to receive funding from the state (see A.C.A. §19-5-977 (Repl. 1994)), federal law requires federal grants to be matched from state or local sources. 42 U.S.C. § 3029(b).
Federal funds are "public funds" for purposes of the FOIA. Rehab Hosp.Serv. Corp. v. Delta-Hills Health Sys. Agency, Inc., 285 Ark. 397,687 S.W.2d 840 (1985). It is my opinion, therefore, that the agencies are "wholly or partially supported by public funds or expending public funds" within the meaning of that phrase in A.C.A. § 25-19-103(1).
The mere receipt of public funds, however, is not sufficient to make the records of a private entity public records that are subject to inspection and copying under the FOIA. In order for its records to be public under the FOIA, the private entity must also be carrying on a public business or be otherwise intertwined with the activities of government. City ofFayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990). In Edmark,
the court considered whether the files of private attorneys retained by a city were public records. The court quoted Professor Watkins thus:
 When the state or a political subdivision thereof seeks to conduct its affairs through private entities, it seems clear that those entities are for all practical purposes the government itself. It should not matter whether the activity is "proprietary" or "governmental" in nature, for in either case the government is involved in the "public business." Thus when a county official hires a certified public accountant to conduct an audit of a county department instead of using public employees for that purpose, the CPA's records relevant to that task should be obtainable under the FOIA.
Edmark, 304 Ark. at 187, quoting J. Watkins, Access to Public Recordsunder the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741, 764 (1984).
Although it may be difficult in particular cases to determine whether a private entity is so intertwined with government as to make its records public, it is my opinion that area agencies on aging clearly satisfy the test. The agencies appear to exist solely or primarily as part of the state's participation in federal grant programs and its effort to provide certain services to older Arkansans. These programs provide, among many others, nutrition services, transportation services, legal services, social services, and abuse prevention services. See 42 U.S.C. § 3027. Federal law expressly provides that units of local government or other governmental bodies or officials may be designated area agencies on aging. 42 U.S.C. § 3025(c). If, as in Arkansas, private entities are designated as the agencies, they must be under the supervision or direction of the state agency responsible for the programs. Id. Each agency must develop, annually adjust if necessary, and have approved by the state, a local plan for providing services to older Arkansans.42 U.S.C. § 3026(a). Each agency must conduct public hearings on activities carried out under its plan. 42 U.S.C. § 3026(a)(6)(A). Finally, each must establish a grievance procedure for individuals dissatisfied with or denied services under the plan. 42 U.S.C. § 3026(a)(6)(P).
In my opinion, because the agencies are under close supervision and direction from the government, must operate in a manner similar to that of a governmental unit, receive most or all of their funding from governments, and perform functions that otherwise would be performed by the government, they are clearly carrying on a public business and are significantly intertwined with government.
I assume for purposes of this opinion that financial statements are "required by law to be kept or [are] otherwise kept" and it seems obvious that an agency's financial statements would constitute a record of the agency's performance or lack of performance of its official functions under the grant programs. See A.C.A. § 25-19-103(1).
From the foregoing I conclude that an area agency on aging's financial statements are "public records" as defined in A.C.A. § 25-19-103(1). As noted above, public records are open to inspection and copying by the public unless an exemption exists under the FOIA or other law with respect to a particular record. A.C.A. § 25-19-105(a); see A.C.A. § 25-19-105(b) (listing exemptions from inspection and copying for certain records under the FOIA). I know of no exemption under the FOIA or other law that would routinely apply to financial statements prepared by an entity whose records are subject to inspection and copying.
It is my opinion, therefore, that existing financial statements of an area agency on aging generally are subject to public inspection and copying under the FOIA, subject to any exemption that might apply in a particular case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh