Mr. Richard N. Holbert Chairman of the Board Aerospace Education Center 3301 East Roosevelt Road Little Rock, AR 72206
Dear Mr. Holbert:
This is in response to your request for an opinion pursuant to A.C.A. §25-19-105(c)(3) (Supp. 1993), which is part of the Arkansas Freedom of Information Act ("FOIA" or "act"). Section 25-19-105(c)(3)(B) authorizes the records' custodian to seek an opinion from the Attorney General stating whether the custodian's decision with respect to the release of personnel or evaluation records is consistent with the FOIA.
Your request pertains, specifically, to personnel records relating to the former director of the Arkansas Aviation Historical Society ("Society"). You state that the Society, which operates the Aerospace Education Center ("Center"), recently terminated the director. You have denied a FOIA request for the personnel records and you are seeking my review of that determination, pursuant to A.C.A. § 25-19-105(c)(3)(B).
As you have indicated, an initial determination must be made regarding the FOIA's applicability to the Society in this instance. Because it is my opinion, as discussed below, that the Society is in all likelihood not subject to the act based upon the facts before me, further review of the provisions governing personnel and evaluation records is unnecessary.
Your denial of the FOIA request was based, according to my understanding, upon your view that the Society is not subject to the act. You set forth the following facts in your correspondence requesting my review of that determination:
 The Society is an Arkansas nonprofit corporation. None of the Society's members or board members are appointed by the state or any type of public body. The actions of the Society and its budget are not subject to review by any public entity. The Society received one-third of its funds for the construction of the Aerospace Education Center from state and local government. In addition, the Society received a half million dollar grant from NASA for its operations.
It is my further understanding that the Aerospace Education Center houses the IMAX Theatre and the Arkansas Museum of Aviation History, as well as a gift shop and administrative offices. These enterprises are owned and operated by the Center, a private entity. The Central Arkansas Library System leases space in the Center for a library branch.
The question in this instance is, I believe, ultimately one of fact, and as such may require judicial review. It is my opinion, however, that the above facts do not form a sufficient basis for concluding that the Society is subject to the FOIA. The relevant inquiry under the FOIA is whether the agency or organization in question is "wholly or partially supported by public funds or expending public funds" within the meaning of the act. A.C.A. § 25-19-103(1) (Repl. 1992). See also A.C.A. §§25-19-103(2) and -106(a) (Repl. 1992).
Section 25-19-102 (Repl. 1992), the policy statement of the FOIA, states that "public business [shall] be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy." Clearly, the General Assembly by its policy statement intended that the FOIA apply to governmental entities. On the other hand, the language "supported wholly or in part" by public funds reveals that private entities can be subject to the act. See, e.g.,Depoyster v. Cole, 298 Ark. 203, 766 S.W.2d 606 (1989); Rehab HospitalServices Corp. v. Delta-Hills Health Systems Agency, Inc., 285 Ark. 397,687 S.W.2d 840 (1985); North Central Association of Colleges Schoolsv. Troutt Brothers, Inc., 261 Ark. 378, 548 S.W.2d 825 (1977). The term "public funds" includes state and local funds (see Arkansas Gazette Co.v. Southern State College, 273 Ark. 248, 620 S.W.2d 258 (1981) (state funds) and City of Fayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275
(1990) (municipal funds)), as well as federal funds (Rehab HospitalServices Corp., supra). It has been stated, however, that the mere receipt of public funds is not, in itself, sufficient to bring a private organization within the FOIA. J. Watkins, The Arkansas Freedom ofInformation Act 35 (2nd ed. 1994); see also Ops. Att'y Gen. 93-154, 93-121, 93-119, and 95-273. Rather, as stated by a recognized commentator on the FOIA, "the group's activities must be of public concern and intertwined with those of government." J. Watkins, The Arkansas Freedomof Information Act, supra at 35.
The Arkansas Supreme Court, in an effort to elucidate the requirements and intent of the FOIA, quoted the following from a law review article authored by Professor Watkins:
 When the state or a political subdivision thereof seeks to conduct its affairs through private entities, it seems clear that those entities are for all practical purposes the government itself. It should not matter whether the activity is `proprietary' or `governmental' in nature, for in either case the government is involved in the `public business.'
Edmark, supra, 304 Ark. at 187, quoting J. Watkins, Access to PublicRecords under the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741, 764 (1984).
Although Edmark offers significant guidance regarding what this office has previously characterized as the intertwining requirement (see Ops. Att'y Gen. 83-163, 93-154, 93-121, 93-119 and 91-282), the difficulty in applying this somewhat elusive test is apparent. The few cases in this area reflect the court's willingness to find such intertwining when, as stated by Professor Watkins, a private entity receives public funds "for the general support of activities that are closely aligned with those of government." The Arkansas Freedom of Information Act, supra at 37. NorthCentral Association of Colleges Schools, supra, the first case in this area, involved a private academic accrediting association. In RehabHospital, supra, the private, nonprofit entity assisted a state agency in connection with proposed state health system's changes. The private entity in Depoyster, supra, regulated high school athletics in the state. Edmark involved a private contractor who was determined to be the "functional equivalent" of the city attorney. 304 Ark. at 187.
The intimate involvement in these cases between the private organization and a government agency is apparent. Clearly, the court looked to more than the element of public funding in applying the FOIA to the private entity. I cannot conclude, based upon the facts that are before me with respect to the Aviation Historical Society, that a similar alignment exists between the Society and any governmental body. As stated above, I do not believe the mere receipt of public funds is sufficient to trigger the FOIA. And I have been provided with no information suggesting any intertwining of the Society and government other than the public funding. Compare Op. Att'y Gen. 95-273 (Area Agencies on Aging subject to FOIA). This is, of course, a developing area of the law, and the existence of additional facts may impact this determination. Resort to the courts may be necessary in order to conclusively resolve the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh