REHAB HOSPITAL SERVICES CORP. *v.*
DELTA-HILLS HEALTH SYSTEMS AGENCY, INC.;
and Frances FLENER, Individually and as Executive
Director of Delta-Hills Health Systems Agency, Inc.

85-2                                                 687 S.W.2d 840

Supreme Court of Arkansas
Opinion delivered April 15, 1985

398

*Hilburn, Calhoon, Forster, Harper & Pruniski, Ltd.,* by: *Sam Hilburn* and *Janet James Robb,* for appellant.

*Pickens, McLarty & Watson,* by: *James A. McLarty,* for appellee.

ROBERT H. DUDLEY, Justice. The Arkansas State Health Planning and Development Agency granted a certificate of need to appellant, Rehab Hospital Services Corporation, to construct a hospital in Jonesboro. Frances Flener, the Executive Director of appellee, Delta-Hills Health Systems Agency, the regional health planning agency for the Jonesboro area, filed a motion for reconsideration after conducting a telephone poll of most of the Executive Committee of the appellee's board. Appellant filed suit for a declaratory judgment, and argued that the motion for

reconsideration should be voided because the appellee, in conducting a telephone poll, had not abided by the Freedom of Information Act. Ark. Stat. Ann. §§ 12-2801 through 2807. The trial court refused to void the motion for reconsideration. We affirm. Jurisdiction to interpret the Freedom of Information Act is in this Court. S.Ct. Rule 29(1)(c).

Declaratory judgment actions are intended to supplement rather than replace ordinary causes of action. *Mid-State Const. Co.* v. *Means,* 245 Ark. 691, 434 S.W.2d 292 (1968). As such, the parties are required to exhaust administrative remedies prior to seeking a declartory judgment.

It seems to be now a recognized doctrine that requires administrative relief to be sought before resorting to declaratory procedure, wherever administrative relief is afforded and this requirement is not one merely requiring the initiation of administrative procedure, *but the administrative procedure must be pursued to its final conclusion before resort may be had to the court for declaratory relief.*

W. Anderson, *Actions for Declaratory Judgments,* § 204, at 433 (1951). This court likewise requires exhaustion of administrative remedies before resorting to an action for declaratory judgment. See *Ragon* v. *Great American Indemnity Co.,* 224 Ark. 387, 273 S.W.2d 524 (1954).

A basic rule of administrative procedure requires that the agency be given the opportunity to address a question before resorting to the courts. *Truck Transport, Inc.* v. *Miller Transporters, Inc.,* 285 Ark. 172, 685 S.W.2d 798 (1985). Furthermore, the procedure of the agency before us provides for further administrative review of the agency's decision. S.H.P.D.A. Rule 11(13). By filing the declaratory judgment action, the appellant circumvented the established agency appeals procedure. Under most circumstances we would dismiss the appeal without reaching the merits of the case. However, we choose to decide the case on its merits because it involves the interpretation of the Freedom of Information Act, a matter of significant public interest.

The trial court was in error in holding that appellee, Delta-Hills, was not subject to the Freedom of Information Act. Appellee is incorporated as a non-profit regional health planning corporation under the requirements of federal law. 42 U.S.C. § 3001-1(b). Its function is to assist the Arkansas Health Planning and Development Agency in the regional review of proposed state health systems' changes. An indication of the public purpose served by appellee is demonstrated by a section of the act which mandates the creation of appellee and provides that adequate public notice must be given and that business must be conducted in public meetings. 42 U.S.C. § 3001-1(b)(3)(B)(viii). The primary source of funding for the appellee is the federal government. The Freedom of Information Act applies to all organizations of the State supported wholly or in part by public funds, except as otherwise specifically provided by law. Delta-Hills is not excepted by law, so it is subject to the requirements of the act. Since there was no emergency exception involved, and no emergency notice to the press, the appellee violated the terms of § 12-2805 of the Freedom of Information Act.

The most significant issue in this case is what remedies, if any, are appropriate, other than the express statutory remedies, when a violation of the act occurs. The act expressly establishes criminal penalties for willful violations of the statute, Ark. Stat. Ann. § 12-2807, and a mechanism by which one denied rights under the act may challenge that denial. Ark. Stat. Ann. § 12-2806. However, appellant chose not to bring the matter to the attention of appellee and does not seek an injunction against future similar telephone polls by appellee. Appellant seeks only judicial invalidation of the motion for reconsideration. Thus, it seeks to use the Freedom of Information Act solely to mandate the result of a meeting.

The last paragraph of § 12-2805 provides that when a public entity fails to reconvene in public session and ratify the matter, after arriving at a decision in executive session, it shall not be legal. However, that section is not applicable to the facts of this case. Here, there was no meeting in executive session. Instead, there was a telephone poll of those members

of the executive committee who could be reached over a three day period. Unlike an executive meeting, without later public ratification, this telephone poll, if conducted with proper notice, and if conducted with telephones available to the public and press, could have been an acceptable type of open meeting. Therefore, the act does not expressly provide that the meeting "shall not be legal."

Some states hold that when the "public meeting" statute sets out specific remedies, the courts are limited to those remedies set out. For a listing of those jurisdictions see *Annotation - Statutes - Proceedings Open to Public*, 38 A.L.R.3d 1070, § 7. We decline to take such a limited approach but instead, in order to effectuate the laudable public purposes of the act, hold that some actions taken in violation of the requirements of the act may be voidable. It will be necessary for us to develop this law on invalidation on a case-by-case basis.

While we consider voidability a valid option to enforcement of the Freedom of Information Act, we decline to invoke it in this case for the reasons set out below.

First, there has been no showing that appellee's board members knowingly violated the law by participating in the telephone poll and the appellant did not bring it to their attention. The agency was never given the opportunity to address the issue. Instead, appellant circumvented the agency and directly filed suit asking for invalidation. If we allowed invalidation on that basis, the potential for harm would be great. It would mean that any person who did not like a resolution, ordinance, rule, or regulation passed since the inception of the act could have it invalidated, under the subterfuge of freedom of information, because of some unintentional past violation which had never been brought to the attention of the governmental entity. Such an interpretation would create a substantial amount of undesirable uncertainty. See *Elmer* v. *Board of Zoning Adjustment of Boston*, 343 Mass. 24, 176 N.E.2d 16 (1961); *Open Meeting Statutes: The Press Fights for the "Right to Know"*, 75 Harv. L. Rev. 1199, at 1214 (1962). It is only in the event invalidation is sought that we require that the board or

agency be given the opportunity to address the issue. The opportunity to address the issue does not necessarily have to be given to the agency when the public or the press seeks only those remedies expressly set out in the act. See *Arkansas Gazette* v. *Pickens,* 258 Ark. 69, 522 S.W.2d 350 (1975); *Mayor, etc. of El Dorado* v. *El Dorado Broadcasting,* 260 Ark. 821, 544 S.W.2d 206 (1976).

Second, the telephone poll was not necessary to authorize the motion for reconsideration. The full board had already met in an open meeting and voted to contest the granting of the certificate of need. After that, there was no need for the board, or any committee, to meet and vote on each step of the adjudication. It would be unrealistic and intolerable to hold that every step taken on behalf of a board in a lawsuit or adjudication must be approved at a public meeting. If such were required, counsel could not even perform those routine tasks such as preserving an appeal by timely filing the jurisdictional notice of appeal without a public meeting of the board. We decline to take such an unreasonable approach. Accord: *Florida Parole and Probation Comm.* v. *Thomas,* 364 So.2d 480 (Fla. App. 1978).

Third, the appellant does not seek to protect the public's right to information, it seeks invalidation solely to build a hospital.

Affirmed.