The Honorable David R. Malone State Senator Post Office Box 1048 Fayetteville, AR 72702
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 May the Department of Pollution Control and Ecology process and landfill application or award a landfill permit in an area where landfills are prohibited by county ordinance? The county ordinance was adopted pursuant to the authority granted in Act 237 of 1971.
Subsequent to your request, we received correspondence from two other legislators from your area, Representative Charles W. Stewart and Representative Kevin Hatfield, raising similar questions in this regard. I have reviewed the material submitted by each of you, and my understanding of the facts can be summarized briefly as follows:
 Washington County passed an emergency ordinance (#89-23) which provides that no hazardous or other solid waste disposal facility shall be located within two miles of the main water sources within the county. A particular company has submitted a "pre-application" to the county requesting approval for the location of a solid waste disposal facility less than half a mile from the middle fork of the White River in Washington County. The quorum court voted to deny the sitting request, noting the ordinance which prohibits it, and other health concerns. The Department of Pollution Control and Ecology has undertaken a review of the county's decision, and intends to conduct a public hearing on the issue.
You have posed two questions with respect to the facts above. First, you inquire as to whether the Department of Pollution Control and Ecology (PCE) can "process" the landfill application. Second, you inquire as to whether PCE has the authority to grant a landfill permit, despite the county ordinance. There are several Arkansas statutes and several rules and regulations found in the "Solid Waste Management Code" which are pertinent to your questions. They will be set out below.
The relevant statutory scheme is the "Arkansas Solid Waste Management Act," now codified at A.C.A. 8-6-201 et seq. That act gives PCE the authority to "issue, continue in effect, revoke, modify, or deny under such conditions as it may prescribe, permits for the establishment, construction, operation, or maintenance of solid waste management systems, DISPOSAL SITES, and facilities." (Emphasis added.) The act also provides, however, at 8-6-209. as follows:
 Any municipality or county may, by ordinance, resolution, or order, adopt standards for the LOCATION, design, construction, and maintenance of solid waste disposal sites and facilities that are more restrictive than those adopted by the Arkansas Pollution Control and Ecology Commission under the provisions of this subchapter. (Emphasis added.)
Thus, although the Department is given the authority to grant or deny permits for landfill disposal sites, counties and cities are given authority to adopt more restrictive standards governing the siting of these facilities.
Additionally, A.C.A. 8-6-213(b) (Supp. 1989) provides that "(t)he procedure for issuance of permits for solid waste management systems and for solid waste management disposal sites and facilities shall be as provided in the rules and regulations adopted by the commission under this subchapter or as otherwise provided by law." It is conceivable that the phrase "or as otherwise provided by law" could include any applicable local ordinances.
Finally, under Arkansas statutes, specifically A.C.A.8-6-213(a)(2), "When preapplication for a landfill serving greater than five thousand (5,000) people for the disposal of putrescible, nonputrescible, domestic, and special materials waste, or a significant modification or transfer of such permit, is sought, a public meeting shall be held in the county of the proposed site."
In setting out the provisions of law relevant to your question, reference must also be made to the "Solid Waste Management Code," which is a compilation of the rules and regulations promulgated by PCE. The "Code" also addresses local authority over these facilities. It provides at Section III(H) as follows:
 City, town, and/or county governments may establish policies and enact local laws (ordinances), concerning all phases of the operation of a solid waste management system, including solid waste management systems contracted to and operated by private enterprise except that such policies and ordinances shall not be inconsistent with the provisions of Act 237 of 1971 (A.C.A. 8-6-201 et seq.), as amended, and the rules and regulations adopted by the Commission.
The "Code" also provides at Section XII (A)(6) that "(a)ll solid waste disposal site locations shall conform to applicable state laws and county or municipal zoning laws and ordinances in effect at the time of application."
Lastly, the "Code" provides for a notification process for certain applicants which involves the submission of a notice to the local governing body (in this case the county) in which approval of the site is requested. See Section IV. It is also provided in Section IV (A)(6) that:
 (6) Denial of siting by government(s) of jurisdiction shall be for stated cause. Such statement of cause shall be in writing and include appropriate documentation and shall be provided to the Department with copies to the applicant. Such cause may include:
 (1) proposed operation conflicts with existing comprehensive land use plan;
 (2) proposed location is an archeological site, as recognized by the Arkansas Archeological Survey;
 (3) is located in a Rare and Endangered Species habitat, as recognized by the Arkansas Game and Fish Commission and/or the U.S. Fish and Wildlife Service; or
 (4) other specifically named factors which inherently threaten the public health and environment regardless of operation and design.
(a) Permit applicants denied siting by government(s) of jurisdiction shall have the right of review by the Director, if the applicant serves written notice on the Director of intent to seek review within thirty (30) days of date of denial by the government(s) of jurisdiction. Review dates will be set by the Director.
(b) The review shall be limited to the written stated cause of denial by the local governments and the submission of the applicant's pre-application unless the Director otherwise determines.
(c) Notice of the Director's decision on the review of siting approval be sent (sic) to the government in question and the applicant within ten (10) days of the review date.
With all of the relevant provisions set out above, we may now focus upon your first question, which is whether PCE may "process" a landfill application which seeks to locate a landfill where landfills are prohibited by county ordinance. It appears that PCE must indeed "process" the application. The Solid Waste Management Code provides that a denial of siting by a local government is subject to the Director's review. We do not find this regulation to be outside the Department's authority. The Department initiated the local government notification procedure by its own rules and regulations. Under the relevant Arkansas statutes, the local governments are given no authority in the actual "permit" process. That authority is given to the Department. (See A.C.A. 8-6-207(7) set out earlier.) Thus, review and "processing" are required by the Department because it alone is charged with the duty to grant or deny permits. It is also charged under A.C.A. 8-6-213(a)(2) with the duty to conduct a public meeting in certain circumstances. Counties may not make any final determinations with respect to the grant or denial of a permit because under the relevant Arkansas law, this duty is imposed upon PCE.* ___________. * A final determination is required in the event of ensuing litigation, as the potential plaintiff must exhaust his administrative remedies. Rehab. Hospital Services Corp. v. Delta Hills Health Systems Agency, Inc., 285 Ark. 397, 687 S.W.2d 840 (1985). ___________.
This is not to say, however, that the county may not enact valid ordinances which contain more restrictive provisions than the Department. This brings us to your second question, which is whether PCE can AWARD a permit for a landfill where landfills are prohibited by county ordinance.
It is my understanding that PCE requires that a denial by a local government of a siting request be based upon one of the factors enumerated in Section IV (A)(6) of the "Code." That is, it must be based upon the fact that the site would be contrary to a land use plan, or is an archeological site, or a rare and endangered species habitat, or would be for other "specifically named factors which inherently threaten the public health and environment."** The Arkansas statutes have no similar requirement. They simply state that a county may adopt more restrictive standards with respect to the location of landfills than the Department. They do not require that these more restrictive standards be adopted to protect against a conflict with one of the four enumerated reasons in Section IV (A)(6), the broadest of which requires that they be adopted to protect against an "inherent threat" to the public health. We do not opine today upon the meaning or interpretation of this "inherent threat" requirement. That is a factual question which cannot be resolved by this office. It is my opinion, however, that in certain instances, as this regulation is applied, the Department may overstep its rule-making authority by requiring "more restrictive" standards adopted by cities and counties to fall within one of those four categories enumerated in Section IV (A)(6) of the "Code." It has been stated that:
 The power of (an administrative agency) to make or adopt administrative rules and regulations does not include the power to make a rule or regulation which is inconsistent with a constitutional provision, OR THE AUTHORITY TO ENACT LAWS, or to make rules affecting or creating substantive rights. (Emphasis added.) (Footnotes omitted.) 73 C.J.S. Public Administrative Law and Procedure 88 at p. 582. See also Ernst and Ernst v. Hockfelder [Hochfelder], Ill., 425 U.S. 185
(1976); and 73 C.J.S. Public Administrative Law and Procedure 32. ___________. ** This construction is given the rule by PCE, despite the fact that the introductory phrase to Section IV (A)(6) states that "Such cause may include" the four factors listed. The rule does not itself state that the cause for denial of citing "shall" include one of the four enumerated causes. ___________.
It is thus my opinion that to the extent a county has adopted a more restrictive standard under the authority of A.C.A. 8-6-209 in the form of an ordinance which is not otherwise prohibited by law, the Department may not award a permit for a landfill which would be contrary to this ordinance. This conclusion is based upon the authority granted in A.C.A. 8-6-209 and the rules and regulations of the Department itself. The legislature has given counties the authority to adopt more restrictive standards in this particular area. This office has previously opined that this authority has not been "preempted" by state law. See Opinion No. 87-464, copy enclosed. It would be an absurdity for the legislature to grant this authority to the counties with one hand, and take it away with the other by allowing PCE to thwart it in the permit process. It would also be fruitless for PCE to award a permit for a particular location, only to have the county prohibit construction by lawfully enforcing its ordinance.
Additionally, Section XII (A)(6) of the "Code" provides that all site locations shall conform to applicable state laws and county or municipal zoning laws and ordinances. It is unclear whether this provision applies only to "zoning" laws and ordinances, but it is my opinion from the general demeanor of the rule that its intent is to require compliance with all applicable local laws, unless preempted.
It is therefore my opinion that while the Director of PCE has the duty and the authority to undertake a review of the county's denial of a landfill site location, including the duty to hold a public hearing (See A.C.A. 8-6-213 (a)(1)), he does not have the authority, if the county has adopted a valid "more restrictive" standard under A.C.A. 8-6-209, to award the permit. To do so would subvert the authority granted the county in A.C.A. 8-6-209.
This is not to say, however, that in some instances the Director could not grant a permit over the denial of the local governing body. If the local governing body denies the site location for a reason other than a valid "more restrictive standard" adopted under 8-6-209, the Director may have the discretion, applying the Department's regulations, to award a permit. He simply may not do so when the local governing body is exercising the specific authority granted it under the Arkansas statutes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
NOTE: Opinion 87-464 referred to above is in the system (AG/87 file).