The Honorable Ted Mullenix State Representative 2720 Albert Pike Hot Springs, AR 71913
Dear Representative Mullenix:
 This is in response to your request, on behalf of the president of the Hot Springs Village Property Owners' Association (the "POA"), for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your specific question is as follows:
 Is the Hot Springs Village Property Owners Association subject to the Freedom of Information Act?
Attached to your inquiry is correspondence from the president of the POA, along with a newspaper clipping and what appears to be an excerpt from minutes of a meeting of the POA. No facts have been provided, however, indicating whether the POA is supported wholly or partially by public funds.
This office has previously concluded that the FOIA is not applicable to a property owners' association which is composed of private owners in a geographic area organized to direct policy for that area, as such a POA normally has no public or governmental status. See Op. Att'y Gen. 85-29, a copy of which is attached. That opinion also concluded, however, that the FOIA may be applicable to a property owners' association where it receives funds directly or indirectly from the state or federal government and it engages in activities ordinarily handled only by a governmental agency.
In my opinion, if the Hot Springs Village Property Owners' Association is supported in part by public funds and performs functions normally served by governmental entities, it may fall within the provisions of the Arkansas Freedom of Information Act.
As noted in Op. Att'y Gen. 92-205, a copy of which is also attached, the pertinent inquiry under the FOIA is whether the agency is "wholly or partially supported by public funds or expending public funds" within the meaning of the act. See
A.C.A. §§ 25-19-103(1), -103(2), and -106(a). The language "supported wholly or in part" by public funds reveals that private entities can be subject to the FOIA. "When the state or one of its political subdivisions attempts to conduct its affairs through private entities, those entities are for all practical purposes the government itself, and the FOIA should apply." Watkins, The Arkansas Freedom of Information Act 30 (1988). "When the activities of a private organization and the government became intertwined, the private organization may well render itself part of the State for [FOIA] purposes." Op. Att'y Gen. 83-163. It is uncertain, however, just how "intertwined" the private entity must be with the government before the FOIA will be deemed applicable. See, e.g., Rehab. Hospital ServicesCorp. v. Delta-Hills Health Systems Agency, Inc., 285 Ark. 397,687 S.W.2d 840 (1985) and Op. Att'y Gen. 92-205.
The correspondence attached to your request does not indicate whether the Hot Springs Village POA is in receipt of or expends public funds, or whether it engages in activities ordinarily handled only by a governmental agency. I am therefore without sufficient information to offer a conclusive response to your question. Your question necessarily requires a factual inquiry with a view to all the surrounding circumstances. It is my opinion, however, that if the POA is supported in part by public funds and performs functions normally served by governmental entities, it may fall within the provisions of the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures