The Honorable Bobby L. Hogue State Representative P.O. Box 97 Jonesboro, Arkansas 72403-0097
Dear Representative Hogue:
This is in response to your request for an opinion regarding the Arkansas "Freedom of Information Act" ("FOIA"), which is codified at A.C.A. 25-19-101 to -107 (Repl. 1992 and Supp. 1993). Specifically, your inquiry focuses on whether telephone communications between members of a board subject to the FOIA would be violative of the "open meetings" provision of the act. In correspondence and documents submitted to this office, it appears that the basis for this request are telephone calls made between members of the Board of Trustees of Arkansas State University (ASU) in Jonesboro regarding Dr. John Mangieri.[1] With respect to this matter, you have asked for an opinion on the following questions:
 1. Are telephone calls among a board subject to the Arkansas Freedom of Information Act?
 2. If the answer to question one is "yes," under what circumstances would the act apply?
 3. Whether use of telephone communications to poll the members of a board is subject to the Arkansas Freedom of Information Act?
With respect to your first question, the issues will be whether the "board" is subject to the FOIA, and if so, whether the telephone calls between or among board members constitute a "meeting" for purposes of the FOIA. Since I presume that your question, which refers to a "board," refers to the Board of Trustees of Arkansas State University, there is no question that the board will be subject to the "open meetings" provision of the FOIA. See A.C.A. 25-19-106(a) (providing that unless otherwise provided by law, the meetings of the "governing bodies of all . . . boards, bureaus, commissions, or organizations of the State of Arkansas, . . . supported wholly or in part by public funds or expending public funds . . ." shall be public meetings).
With respect to the second issue, the Arkansas Supreme Court, in Rehab Hospital Services Corp. v. Delta-Hills Health Systems Agency, Inc., 285 Ark. 397, 687 S.W.2d 840 (1985), held that a particular nonprofit regional health planning corporation, which the court found was subject to the provisions of the FOIA, violated the "open meetings" requirements of the act when it reconsidered the granting of a certificate of need to construct a hospital after conducting a telephone poll of members of the executive committee. Thus, it seems clear that the Court deems telephone "meetings" to fall within the scope of the FOIA and as such, the meetings must be conducted in accordance with the requirements of the act.[2] Even in such instances, it must be determined, however, whether the telephone communications indeed constitute a "meeting" for purposes of the FOIA. In this regard, the FOIA applies to "all meetings, formal or informal, special or regular" of the entities subject to the act, unless otherwise specifically provided by law. A.C.A. 25-19-106(a). As for what constitutes a "meeting" for purposes of the FOIA, it has been held that A.C.A. 25-19-106(a) applies to an unofficial meeting of less than a quorum of a governing body if the meeting is called for the purpose of discussing or taking any action on any matter on which foreseeable action will be taken by the body. See Mayor and City Council of El Dorado v. El Dorado Broadcasting Co., 260 Ark. 821, 544 S.W.2d 206 (1976). In Op. Att'y Gen. No.91-225, this office interpreted the El Dorado Broadcasting decision to mean that the number of members in attendance is not dispositive in determining whether a "meeting" of an entity subject to the FOIA has occurred and concluded that a planned meeting between only two members of a body to discuss a matter on which foreseeable action would be taken by the body falls within the scope of the FOIA and therefore must be conducted in accordance with the act's requirements.[3] The conclusion reached in Op. Att'y Gen. No. 91-225 was also based, in part, on the Court's decision in Arkansas Gazette Co. v. Pickens,258 Ark. 69, 522 S.W.2d 350 (1975).
In view of the precepts discussed above, it is my opinion that telephone communications between two persons who are members of an entity subject to the FOIA would constitute a "meeting" under the act if the telephone call is made for the purpose of discussing or taking any action on any matter on which foreseeable action will be taken by the entity of which they are members. A factual inquiry, which is beyond the scope of an attorney general's opinion, would therefore be necessary in order to determine whether a "meeting" has occurred. Thus, the answer to your first question is "yes" (assuming that the board is subject to the act) if an appropriate factfinder determines that the telephone calls (including calls made from one member to another member and conference calls where more than two members are parties to the conversation) were made for the purpose of discussing or taking any action on any matter on which foreseeable action would be taken by the board. Due to the factual nature of this inquiry, I cannot make a determination as to whether the telephone calls between members of the ASU Board of Trustees would constitute a "meeting," but the analysis set forth above should offer guidance in this regard.
As the discussion provided above in response to your first question touches upon your second and third questions, I will not address them separately.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The following three items were submitted to this office by Mr. Wayne Hoffman, News Director for KFIN in Jonesboro, to be included, with your permission, as attachments to your request letter: (1) a note from Mr. Hoffman indicating that he has obtained copies of a portion of the answer filed in federal court in response to a lawsuit filed by Dr. John Mangieri and of phone logs indicating conversations between members of the ASU Board of Trustees; Mr. Hoffman also lists the telephone numbers of trustee members Mr. Wayne Hartsfield, Ms. Chucki Bradberry, Mr. Larry Ross, Mr. Harold Thomas, and Mr. Bill Phillips; (2) pages 11 and 12 of the answer filed in federal court (presumably by ASU) in response to a lawsuit filed by Dr. John Mangieri; paragraph 48 of the pleading, which has been bracketed in the copy submitted to this office, states: "In individual telephone calls to each Board member, Hartsfield reported the substance of the allegations. The opinion of each member of the Board was that every attempt should be made to avoid embarrassing the plaintiff or his family, and that Hartsfield should visit with the plaintiff privately in order to inform him of the charges and initiate the review process." and (3) telephone logs obtained from Southwestern Bell Telephone indicating calls made from the "President's Office" for the billing periods of 2/3/94, 3/3/94, and 4/3/94.
[2] The Court in Rehab Hospital made it clear that the telephone poll could have been an acceptable type of open meeting if it had been conducted with proper notice and with telephones available to the public and press. 285 Ark. at 401. See also Watkins, The Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 238 (stating in light of the decision in Rehab Hospital, a governing body can hold a discussion or take a vote by telephone conference call if "(1) notice to the public and press has been given, as the FOIA requires; and (2) a speaker phone or similar device is set up in a room where the public and press are able to listen to the conversation. Use of a speaker phone would ensure that observers can hear all portions of the telephonic communications, just as if the members of the governing body were physically present at the meeting. If safeguards are not present, however, the meeting violates the FOIA. . . .")
[3] It should be noted that this office stated in Op. Att'y Gen. No. 84-72 that the FOIA does not apply when two members of an entity subject to the act meet during the course of the day and proceed to discuss past or pending matters. This opinion, however, is limited to casual or chance meetings and therefore is distinguishable from Op. Att'y Gen. No. 91-225, which pertained to a planned, rather than chance, meeting.