Ms. Caran Curry Prosecutor Coordinator 323 Center Street Tower Building, Suite 750 Little Rock, AR 72201
Dear Ms. Curry:
This is in response to your request for an opinion on several questions involving victim service providers. Your first question involves the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. § 25-19-101 et seq. (Repl. 1992 and Supp. 1995). You state that your office administers and subgrants certain federal grant funds that derive from the Violence Against Women Act and the Family Violence Prevention Services Act. You state further that the subgrantee is primarily funded by the federal grant funds. You have asked:
Is the subgrantee subject to the open-meeting requirement of the FOIA?
You have asked two other questions involving victim service providers:
 Whether a rape services counselor may render services to a minor without obtaining the parents' permission? Is a rape victim services provider a mandated reporter within the meaning of the child abuse reporting law?
The answer to your first question will, I believe, depend upon all of the facts and circumstances surrounding the particular subgrantee in question. The FOIA applies to all governmental entities, and it also applies to "any other agency wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103(1) (Repl. 1992). See also
A.C.A. §§ 25-19-103(2) and -106(a) (Repl. 1992). This language reveals that private, nongovernmental entities can be subject to the FOIA. And federal funds can satisfy the public funding requirement. See RehabHospital Services Corp. v. Delta-Hills Health Systems Agency, Inc.,285 Ark. 397, 687 S.W.2d 840 (1985). The mere receipt of public funds is not, however, alone sufficient to bring a private organization within the act's reach. As one recognized commentator has stated, the question is whether the private entity's activities are "of public concern and intertwined with those of government." J. Watkins, The Arkansas Freedomof Information Act 35 (2d ed. 1994). See also Ops. Att'y Gen. 93-154, 93-121, 92-205, 91-282, 90-216. The Arkansas Supreme Court has recognized that the FOIA should apply when the government "seeks to conduct its affairs through private entities," for in that situation "it seems clear that those entities are for all practical purposes the government itself." City of Fayetteville v. Edmark, 304 Ark. 179, 187,801 S.W.2d 275 (1990) quoting Watkins, Access to Public Records under theArkansas Freedom of Information Act, 37 Ark. L. Rev. 741, 768-69 (1984).
As I have previously noted, it is unclear just how "intertwined" the private entity must be with the government before the FOIA will be deemed applicable. Op. Att'y Gen. 92-205. It has been stated that "the most obvious case of such intertwining occurs when a private entity receives public funds for the general support of activities that are closely aligned with those of government." The Arkansas Freedom of InformationAct, supra at 37, citing Rehab Hospital Services, Corp., supra
(assistance of private body in reviewing proposed changes in the state's health care delivery system). See also Ops. Att'y Gen. 90-236 (911 Communications Center supported by public funds); 89-372 (administrative body for a regional hazardous materials response team); 89-082 (nonprofit organization that assists local law enforcement in emergency situations). With regard to the particular subgrantee in question, I lack sufficient information to determine whether, in fact, such intertwining is present so that the subgrantee would be deemed to be engaged in "the `public business.'" Edmark, 304 Ark. at 187, quoting Watkins, Access toPublic Records under the Arkansas Freedom of Information Act, supra. If it can be shown that the subgrantee engages in activities or functions or provides services that are normally performed by governmental entities, this would be the type of intertwining that may well trigger the FOIA.See generally Ops. 93-092 and 92-205. Some alignment of government operations or functions with those of the subgrantee would, however, in my opinion be a prerequisite to the FOIA's potential applicability.[1]
With regard to your remaining two questions, I have found no statutory provision addressing the parental permission issue outside of those provisions pertaining to child abuse reporting and investigations. See
A.C.A. §§ 12-12-501 to -518 (Repl. 1995.[2] As a practical matter, obtaining parental permission may be advisable as a means of minimizing liability exposure. Consultation with private counsel may be indicated in this regard.
Arkansas Code Annotated § 12-12-507 is the relevant provision with respect to mandated reporting of suspected abuse or neglect. Subsection (b) of § 12-12-507 states as follows:
 (b) When any physician, surgeon, coroner, dentist, osteopath, resident intern, licensed nurse, medical personnel who may be engaged in admission, examination, care, or treatment of persons, teacher, school official, school counselor, social worker, family service worker, day care center worker, or any other child or foster care worker, mental health professional, peace officer, law enforcement official, prosecuting attorney, or judge has reasonable cause to suspect that a child has been subjected to child maltreatment, or that a child has died as a result of child maltreatment, or who observes the child being subjected to conditions or circumstances which would reasonably result in child maltreatment, he shall immediately notify central intake or law enforcement.
The question to be resolved, therefore, is whether this list of individuals encompasses a rape victim services provider. If the particular provider in question is a social worker, it seems clear that the answer to your question is "yes." The reporting mandate will apply. The term "social worker" may reasonably be construed to refer to those who practice or offer to practice social work, as addressed in the Social Work Licensing Act. A.C.A. § 17-46-101 et seq. (Repl. 1995).
The other category of individuals listed in § 12-12-507 that perhaps merits discussion is "family service worker." This term is found in the Uniform Classification and Compensation Act (A.C.A. § 21-5-201 et seq.) pertaining to job classifications for state employees. See A.C.A. §21-5-208 (-504), (-863) and (-1035) (Supp. 1995). This is also a particular job classification under the appropriation act for the Department of Human Services. See Act 1198 of 1995. And the Social Work Licensing Act, supra, contains a specific licensing exemption for, interalia, "an employee of any agency or department of the state in the job classification of family service worker. . . ." (Emphasis added.) A.C.A. § 17-46-104(d)(1).
The term "family service worker" is not defined in A.C.A. § 12-12-507 regarding mandated reporting of child abuse. As noted above, however, the legislature has used this term elsewhere to designate state employees in particular job classifications. In the absence of a definition, it may be contended that the legislature intended to reference these employees when it included this category in § 12-12-507(b).
A conclusive answer regarding a "rape victim services provider" will, however, as noted above, require a factual determination as there is no such category separately listed in § 12-12-507.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] It should perhaps be noted, as stated in J. Watkins, The ArkansasFreedom of Information Act, supra at 56 n. 41, that a private entity supported by federal funds may under some circumstances be subject to the federal Freedom of Information Act, 5 U.S.C. § 552. Forsham v. Harris,445 U.S. 169 (1980) suggests that this might be the case if a federal agency is "pervasively involved in [the private body's] day-to-day operations." The Freedom of Information Act, supra at 56 n. 41 citingForsham.
[2] Social service agencies with whom the Arkansas Department of Human Services contracts to provide services (see A.C.A. § 9-16-105 (Repl. 1993)) are authorized to conduct interviews and investigations of suspected child abuse. See A.C.A. §§ 12-12-510 to -518 and Op. Att'y Gen.91-417. It is my understanding, however, that your question does not involve such an agency.