The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72701-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following questions:
 1. Does a planned meeting between two (2) quorum court members to discuss official business violate the Freedom of Information Act?
 2. Does a telephone conversation between two (2) quorum court members concerning official business violate the FOIA? Does e-mail between two members about official business violate the FOIA?
 3. Does a casual or by-chance meeting between two (2) quorum court members, in which official business is discussed, violate the FOIA?
 4. Does the opinion in El Dorado Broadcasting stand for the proposition that the FOIA is not invoked by either a planned or chance meeting between two (2) city council members or should be read to cover this situation?
RESPONSE
Question 1 — Does a planned meeting between two (2) quorum court membersto discuss official business violate the Freedom of Information Act?
The issue in this regard, and under your remaining questions, is whether the planned meeting constitutes a "meeting" for purposes of the Arkansas Freedom of Information Act ("FOIA," A.C.A. § 25-19-101 et seq.), such that notice must be provided in accordance with the FOIA.
It is my opinion that this question cannot be conclusively answered without considering all of the facts and circumstances surrounding the particular meeting. I agree with the statement in previous opinions of this office that the number of attendees at a meeting is not, in and of itself, dispositive of the question of whether particular meetings are subject to the FOIA. See, e.g., Op. Att'y Gen. Nos. 96-317, 95-227, and 91-225.[1] I believe the inquiry will likely focus, instead, on the extent to which the facts suggest the potential evasion of the FOIA. Op. 96-317 at 3. For instance, it was concluded in Opinion 96-067 and I concur, that routine discussions of public business by two members of a governing body (a mayor and city board member in that instance) did not violate the FOIA. My predecessor in office also cautioned, however, against the potential abuse of the FOIA through successive meetings of two members prior to action by the governing body. See Op. Nos. 95-227 at 3 and 91-225 at 4. If the two members meet alone, and there is no evidence that the FOIA is being circumvented (for example by successive private discussions between two members to avoid public discussion), then I believe such a meeting would likely fall outside the FOIA's open meeting requirement. Until our court is squarely faced with the question, however, it is my opinion that no line can be drawn based simply upon the number in attendance. Id.
Question 2 — Does a telephone conversation between two (2) quorum courtmembers concerning official business violate the FOIA? Does e-mailbetween two members about official business violate the FOIA?
It is my opinion that the above analysis applies as well in the case of telephone conversations. A conversation between two members to discuss official business may not run afoul of the FOIA, as long as there are no such successive conversations suggesting circumvention of the open meeting requirement. We know from the case of Rehab Hospital ServicesCorp. v. Delta-Hills Health Systems Agency, 285 Ark. 397, 687 S.W.2d 840
(1985), that communications do not have to be contemporaneous to constitute a "meeting" under the FOIA. Serial telephone conversations could, in my opinion, be viewed as similar to the telephone poll at issue in Rehab Hospital Services Corp., supra. As with face-to-face meetings, however, the question of whether a telephone "meeting" has occurred requires a case-by-case determination.[2]
With regard to e-mail between two members, I agree with the statement inThe Arkansas Freedom of Information Act, supra at 281, that "there is no meeting if one member of the governing body simply sends an e-mail message to another member." In my view, this would be analogous to written correspondence. The electronically stored e-mail message would be a "public record" subject to disclosure, assuming that it constituted a record of the performance or lack of performance of official functions (A.C.A. § 25-19-103), and that no exemption applies (§ 25-19-105). The e-mail message itself would not, however, be a "meeting."[3]
Question 3 — Does a casual or by-chance meeting between two (2) quorumcourt members, in which official business is discussed, violate theFOIA?
It is my opinion that the answer to this question is, generally, "no." See Op. Att'y Gen. Nos. 96-317, 96-067, and 84-72.
Question 4 — Does the opinion in El Dorado Broadcasting stand for theproposition that the FOIA is not invoked by either a planned or chancemeeting between two (2) city council members or should be read to coverthis situation?
The El Dorado Broadcasting case, supra, is not conclusive of either of these propositions. The case involved a conference attended by the mayor, four of the city's eight aldermen, the city attorney, and a U.S. Department of Justice representative. The court thus was not faced with a question involving either a planned or a chance meeting between two members of a city council.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] As also previously noted, however, some uncertainty remains in this regard as a result of certain dicta in the case of El Dorado Mayor v. ElDorado Broadcasting Co., 260 Ark. 821, 824, 544 S.W.2d 206 (1976). See
Op. 95-227 at 2-3; see also J. Watkins, The Arkansas Freedom ofInformation Act 276 (3rd ed. 1998). In the absence of legislative clarification, resort to the courts may be necessary to conclusively resolve the issue.
[2] My predecessor in office had occasion to address this issue in 1994. It was noted in Opinion 94-167 that the court deems telephone meetings to fall within the scope of the FOIA. Id. at 2. The question in that opinion involved conversations between members of a university board of trustees. The facts suggested that there had been a series of conversations to discuss a pending matter. Id. at n. 1. This raised the spectre of a telephone "meeting" under the FOIA. The opinion suggested, however, that such a "meeting" will occur whenever there is a telephone conversation between two members for the purpose of discussing any matter which will foreseeably be acted on by the governing body. Id. at 4. I must disagree with this broad statement, in the absence of facts suggesting evasion of the FOIA similar to the telephone poll at issue inRehab Hospital Services, supra.
[3] It should perhaps be noted in this regard, however, that as with face-to-face meetings and telephone conversations between two members, the potential for circumventing the FOIA open meeting requirement through sequential or circular series of meetings also exists with e-mail. See,e.g., Kan. Op. Att'y Gen. No. 98-26.