The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, AR 72116-5232
Dear Representative Vess:
This is in response to your request for an opinion on the following question:
 Does the Freedom of Information Act permit North Little Rock school board members to meet individually with the Superintendent in private to discuss a specific question of policy currently before the board in order to arrive at a decision on the policy prior to the public meeting?
RESPONSE
It is my opinion that the answer to this question likely turns on whether the particular facts evidence subversion of the open meeting requirement of the Arkansas Freedom of Information Act ("FOIA"), through such private discussions.
As a general matter, there is no "meeting" for purposes of the FOIA when a school board member meets individually with the superintendent, because the use of the term "meeting" contemplates the presence of more than one member of the governing body. See A.C.A. § 25-19-106 (a) (Supp. 1999) and Op. Att'y Gen. 96-074. See also J. Watkins, The Arkansas Freedomof Information Act (3rd ed.) at 273.[1] It thus seems clear that individual discussions between a school board member and the superintendent are generally not required to be conducted as open public meetings in compliance with the FOIA.
The wording of your question suggests, however, that the individual discussions in this instance serve as a vehicle for arriving at a board policy prior to the public meeting. I believe this is contrary to the spirit, if not the letter of the FOIA. Although the Arkansas Supreme Court has not addressed this precise issue, we know from its decision in Rehab HospitalServices Corp. v. Delta-Hills Health Systems Agency, Inc.,285 Ark. 397, 687 S.W.2d 840 (1985), that a "telephone poll" can violate the FOIA if the proper safeguards are not present. InRehab Hospital, the executive director of Delta-Hills (an entity deemed subject to the FOIA) conducted a telephone poll of board members over a three-day period. The poll violated the FOIA, according to the court, because no notice was provided and there was no opportunity for the public and the press to hear the conversation. 285 Ark. at 400-401.
I believe by analogy that a series of individual, private discussions between the superintendent and members of the school board, if held for the purpose of polling the members and thereby arriving at a board policy, violates the FOIA. Presumably, the court in Rehab Hospital would also have found a violation had the executive director held individual, in-person discussions with each board member over the three-day period. Clearly, the FOIA open meeting requirement is subverted through this process.
Notwithstanding my opinion as to the law, I must state that I have no authority to act as a factfinder in this particular case. As with any issue that turns on the particular facts, a challenge of this nature under the FOIA can only be conclusively resolved on a case-by-case basis. Lacking both the resources and the authority to decide issues of fact, I cannot definitively answer your general question. This may ultimately require resort to the courts for a judicial determination.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Clearly, the school board may not hold a private discussion with the superintendent prior to the public meeting without violating the open meeting requirement of the FOIA. See Op. Att'y Gen. 90-239 (noting that in accordance with a previous opinion, the Little Rock School Board could not meet informally in executive session to hear recommendations from the superintendent prior to the Board's formal session). But as I understand your question, the issue in this instance is whether the superintendent may meet individually with each board member.