The Honorable Jimmy "Red" Milligan State Representative P.O. Box 68 Yellville, AR 72687-0068
Dear Representative Milligan:
This is in response to your request for an opinion on the following questions:
 1. Is it permissible for the quorum court of a county to enter into executive session to discuss other elected officials?
 2. If the executive session is to discuss an elected official, is it permissible for the elected official to attend the executive session?
 3. Can the quorum court discuss an elected official or the elected official's employees in executive session without that elected official being present?
 4. What would constitute an employee of the quorum court? Which employees would allow the quorum court to enter into executive sessions?
 5. Can the county prosecuting attorney, serving as legal advisor, be asked to attend the executive session to answer questions and then be asked to leave the executive session?
 6. Can more than one topic be brought up in an executive session?
 7. If any action is taken in the executive session, shouldn't that be stated when the quorum court returns to its regular meeting?
 8. What is the penalty for the quorum court entering into an executive session illegally?
RESPONSE
In response to your first question, while it may be permissible under certain circumstances for the quorum court to hold an executive session to discuss another elected official, the potential factual scenarios in this regard are limited. The response to your second and third questions is "no" and "yes," respectively. With regard to your fourth question, those employed as additional staff in support of legislative affairs would be considered employees of the quorum court. In response to your fifth question, there is no provision authorizing the attendance of a legal advisor at an executive session of a governing body. The answer to your sixth question will likely depend upon the particular topic. An executive session may only be held for particular purposes expressly authorized by law, and all discussions must relate to the legal purpose for which the session was called. The answer to your seventh question is "yes," because generally no action taken will be legal unless the quorum court reconvenes in public session and votes on the matter. Finally, regarding the penalty for an illegal executive session, it is possible that any decision made would be invalid. And one who negligently violates the Arkansas Freedom of Information Act ("FOIA") will be guilty of a misdemeanor, punishable as provided by law.
Question 1 — Is it permissible for the quorum court of acounty to enter into executive session to discuss other electedofficials?
The answer to this question depends upon the particular topic of discussion. Clearly, a quorum court cannot call an executive, i.e., closed session, simply to generally discuss other elected officials. To the contrary, except as otherwise specifically provided, all meetings of the quorum court must be open to the public. A.C.A. § 14-14-109(a) (Repl. 1998) (part of the County Government Code). See also A.C.A. § 25-19-106(a) (Repl. 1999) (the open meeting requirement under the FOIA).
In accordance, however, with A.C.A. § 14-14-109(a)(2) (emphasis added), a quorum court may hold a closed meeting "which involves or affects the employment, appointment, promotion, demotion,disciplining, dismissal, or resignation of a county government official or employee . . . unless the local government officer or employee requests a public meeting." See also A.C.A. §25-19-106(c)(1) (a similar exemption under the FOIA). The question to be resolved, therefore, is whether the particular discussion by the quorum court involves or affects any of the above-emphasized matters pertaining to an individual official.
This can only be determined with reference to the particular surrounding facts. An appointment to fill a vacancy in an elective county office would seemingly fall within the permissible scope of a quorum court executive session. Your question appears to focus, however, upon incumbent elected officials. In that case, the possible factual scenarios that would support an executive session are less clear. The resignation of an elected county official is in my opinion the only other clear scenario in this regard. In the event of a resignation, the quorum court would act pursuant to A.C.A. §14-14-1309 (Repl. 1998) to declare a vacancy. See A.C.A. §14-14-1308 (4) (stating that a condition of vacancy will exist if an incumbent county, county quorum court district, or township officer resigns). The quorum court would make the determination that a condition of vacancy exists, and in accordance with §14-14-1309 (a)(2) (emphasis added):
 [s]uch determination by a quorum court shall be conducted through the process of resolution as prescribed by law if the resolution shall have been published prior to the meeting date in which the resolution is to be considered by the court.
A meeting to consider a resolution declaring a vacancy following an incumbent's resignation could, it seems, be a closed meeting under the plain language of either the relevant County Government Code provision or the FOIA (see, respectively, A.C.A. §§14-14-109(a)(2) and 25-19-106(c), supra, including "resignation" of an officer as a proper purpose of an executive session).[1] I am uncertain, however, whether an executive session would be permissible in connection with any other matter pertaining to an elected official. The quorum court typically does not employ, appoint, promote, demote, discipline, or dismiss any elected officials. I cannot, in the absence of any specific facts, speculate further regarding the permissibility of an executive session to discuss other elected officials.
Question 2 — If the executive session is to discuss an electedofficial, is it permissible for the elected official to attendthe executive session?
Assuming that the executive session is lawful and that, following the above discussion, the purpose of the meeting is to consider the elected official's resignation, then it is my opinion that the answer to this question is in all likelihood "no."[2] The FOIA specifies who can be present at executive sessions. No one other than those listed may attend. Section25-19-106(c)(2) states as follows:
 (A) Only the person holding the top administrative position in the public agency, department, or office involved, the immediate supervisor of the employee involved, and the employee may be present at the executive session when so requested by the governing body, board, commission, or other public body holding the executive session.
 (B) Any person being interviewed for the top administrative position in the public agency, department, or office involved may be present at the executive session when so requested by the governing board, commission, or other public body holding the executive session.
Subsection (2)(A) appears to be addressing an executive session called for the purpose of considering some action in relation to an employee. And subsection (2)(B) is dealing with interviews for a position. It thus seems clear that no provision is made for the presence of the elected official whose resignation is being considered at an executive session.
Question 3 — Can the quorum court discuss an elected official orthe elected official's employees in executive session withoutthat elected official being present?
The answer to this question is "yes." As stated in response to the previous question, no provision is made for the elected official's presence in the only clear scenario that would authorize an executive session involving an incumbent, i.e., resignation. And while the quorum court may request the presence of those listed in § 25-19-106(c)(2) in the case of an executive session involving an employee, it is not required to do so.
Question 4 — What would constitute an employee of the quorumcourt? Which employees would allow the quorum court to enter intoexecutive sessions?
A quorum court may employ staff in accordance with A.C.A. §14-14-902(c) (Repl. 1998), which provides:
 A quorum court may authorize and provide through ordinance, for the employment of any additional staff . . . in support of legislative affairs.
The quorum court may, in my opinion, lawfully hold an executive session if the meeting involves or affects the employment, appointment, promotion, demotion, disciplining, dismissal, or resignation of any such staff members.[3]
Question 5 — Can the county prosecuting attorney, serving aslegal advisor, be asked to attend the executive session to answerquestions and then be asked to leave the executive session?
The answer to this question is clearly "no." The FOIA governs who may be present at a quorum court executive session. See
A.C.A. § 25-19-106(c)(2)(A), supra. A legal advisor is not included as one whose presence is authorized.
Question 6 — Can more than one topic be brought up in anexecutive session?
All discussion in an executive session must relate to the legal purpose for which the meeting was called. See A.C.A. §14-14-109(a)(2) and 25-19-106(c)(1). No other topics are permissible. And an executive session "must never be called for the purpose of defeating the reason or the spirit" of the act. A.C.A. § 25-19-106(c)(3).
Question 7 — If any action is taken in the executive session,shouldn't that be stated when the quorum court returns to itsregular meeting?
The answer to this question is "yes" if the quorum court adopts a "resolution, ordinance, rule, contract, regulation, or motion" at the executive session. See A.C.A. § 25-19-106(c)(4). The quorum court must reconvene in public session and vote on such action. Id.
Question 8 — What is the penalty for the quorum court enteringinto an executive session illegally?
A criminal penalty is set forth in the FOIA as follows:
 Any person who negligently violates any of the provisions of this chapter shall be guilty of a misdemeanor and shall be punished by a fine of not more than two hundred dollars ($200) or thirty (30) days in jail, or both, or a sentence of appropriate public service or education, or both.
A.C.A. § 25-19-104 (Repl. 1998).
Whether there has been a negligent violation will of course require a factual determination. This falls within the jurisdiction of the local prosecuting attorney.
An illegal executive session may also invalidate any decision that was made. But the Arkansas Supreme Court has held in this regard that the agency, i.e., quorum court in this instance, must be given an opportunity to address the issue before the action will be invalid. See Rehab Hosp. Serv. v. Delta-Hills HealthSys., Inc., 285 Ark. 397, 687 S.W.2d 840 (1985).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] It must be recognized, however, that under the County Code, a local government officer may request a public meeting. A.C.A. §14-14-109(a)(2).
[2] This also assumes that the elected official does not request a public meeting, pursuant to A.C.A. § 14-14-109,supra.
[3] This question may also require reference to any employee policies and practices of a general nature that may have been adopted by the quorum court. See A.C.A. § 14-14-805(2) (Repl. 1998). It is my opinion that any such policies or practices could impact the quorum court's authority to hold an executive session with respect to county personnel matters. See generally Op. Att'y Gen. 97-080 (regarding the Benton County Quorum Court sitting as a grievance committee pursuant to a county employment policy enacted by the Quorum Court). Having been provided no information in this regard, however, I cannot opine further as to the circumstances that would authorize an executive session in connection with general county employment policies.