The Honorable Gene Roebuck State Senator P.O. Box 1696 Jonesboro, AR 72403-1696
Dear Senator Roebuck:
You have requested an Attorney General opinion concerning several issues involving county equalization boards.
Your questions are:
 (1) Have the county equalization boards been exempted from the Arkansas Freedom of Information Act?
 (2) If they have not been exempted, and the boards are meeting in private in violation of the Act, are the decisions they make in the illegally held meeting voided?
 (3) If the boards are in fact meeting illegally, what actions can be taken against them?
 (4) Are county assessors required under A.C.A. § 26-27-313 to attend each session of the county equalization board? If they are required to attend, but do not do so, would this failure to attend affect any rules, regulations, or reappraisals that are made in the meeting?
 (5) Are property owners required to be sworn in when testifying before the equalization board? If they are required to be sworn in, but are not sworn in, what effect will this omission have?
RESPONSE
Question 1 — Have the county equalization boards been exempted from theArkansas Freedom of Information Act?
It is my opinion that the county equalization boards are not exempt from the Arkansas Freedom of Information Act (FOIA).
The "public meetings" requirement of the FOIA[1] applies to "the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds[.]" A.C.A. § 25-19-106(a). The term "public meetings" is defined to mean "the meetings of any bureau, commission, or agency of the state, or any political subdivision of thestate, including municipalities and counties, boards of education, andall other boards, bureaus, commissions, or organizations in the State ofArkansas, except grand juries, supported wholly or in part by public funds or expending public funds. A.C.A. § 25-19-103(2) (emphasis added). Both of these quoted sections from the FOIA indicate that entities of county government, such as county equalization boards, are subject to the "open meetings" requirement of the Act. This conclusion is bolstered by the fact that another section of the FOIA explicitly establishes a right of action in situations where "an agency of a county . . . is involved." A.C.A. § 25-19-107(a). Accord, Watkins, The Arkansas Freedom ofInformation Act (3rd Ed. 1998), 33. Although some entities are explicitly exempted from the public meetings requirement, county equalization boards are not. I therefore conclude that county equalization boards are subject to the FOIA.
Question 2 — If they have not been exempted, and the boards are meetingin private in violation of the Act, are the decisions they make in theillegally held meeting voided?
It is my opinion that if a board meets in private in violation of the FOIA, the decisions and other actions taken by the board are not automatically void as a result of the violation. Although the Act does not specifically address such a situation, the Arkansas Supreme Court held in Rehab Hosp. Serv. v. Delta-Hills Health Sys. Inc., 285 Ark. 397,687 S.W.2d 840 (1985), that citizens may petition the court for a declaratory judgment that the actions taken at a meeting held in violation of the Act are invalid. In order to do so, however, the citizens must first exhaust their administrative remedies by allowing the board an opportunity to hold the meeting properly.
Question 3 — If the boards are in fact meeting illegally, what actionscan be taken against them?
As indicated in response to Question 2, citizens who are aggrieved by a violation of the FOIA can petition the circuit court for relief, after having exhausted their administrative remedies by allowing the board an opportunity to correct its violation. This right to petition the court is granted in A.C.A. § 25-19-107. In addition, it should be noted that a violation of the FOIA is a misdemeanor punishable by a fine, imprisonment, and/or public service. A.C.A. § 25-19-104.
Question 4 — Are county assessors required under A.C.A. § 26-27-313 toattend each session of the county equalization board? If they arerequired to attend, but do not do so, would this failure to attend affectany rules, regulations, or reappraisals that are made in the meeting?
It is my opinion that county assessors or their deputies are required by A.C.A. § 26-27-313 to attend each session of the county equalization board. That statute states:
 It is the imperative duty of the county assessor or his deputy to attend each session of the county equalization board and to furnish the board with all data and information in his possession pertaining to the location, amount, kind, and value of any property, the valuation of which is under consideration by the board.
A.C.A. § 26-27-313.
The above-quoted language is stated in unambiguously mandatory terms. It should therefore be interpreted just as it reads. Aloha Pools Spas V.Employer's Ins., 342 Ark. ___, ___ S.W.3d ___ (October 18, 2000). Accordingly, I must conclude that either the assessor or the assessor's deputy is required to attend each session of the county equalization board.
It is my opinion that if the assessor has violated the requirement of this statute by failing to attend each session of the county equalization board, or by failing to send a deputy to attend the sessions, this violation will not affect the validity of any rules, regulations, reappraisals, or other actions taken by the board. The county equalization board's authority and power, as set forth in A.C.A. §26-27-301 et seq., is not made contingent upon its action being taken in the presence of the assessor (or the assessor's deputy).
A citizen who is aggrieved by the assessor's violation of this statute could, of course, challenge actions taken by the board, pursuant to A.C.A. § 26-27-318, by appealing to the county court with the argument that the assessor's absence from meetings had an adverse effect upon the board's action. The citizen could also petition the circuit court for removal of the assessor from office, under the authority of A.C.A. §14-14-1311, for malfeasance, misfeasance, or nonfeasance in office.
Question 5 — Are property owners required to be sworn in when testifyingbefore the equalization board? If they are required to be sworn in, butare not sworn in, what effect will this omission have?
The statutes that govern proceedings before the county equalization board (see generally A.C.A. § 26-27-301 et seq.) do not include a requirement that witnesses be sworn in before testifying. These statutes contain only two references to testimony before the board. These references state: "The board . . . may require witnesses to appear before the board and testify regarding the location, amount, kind, and value of any or all items of any class or character of property in the county. The secretary of the board . . ., at the direction of the board or any member thereof, shall summon witnesses for examination by the board." A.C.A. §26-27-316. Neither of these statements makes any mention of a requirement that witnesses be sworn in before testifying before the board.
I therefore conclude that a failure to swear in witnesses before the board will not have any automatic effect upon the validity of the proceedings before the board. Parties who are aggrieved by the board's reliance on un-sworn testimony can, of course, challenge the board's decision under the authority of A.C.A. § 26-27-318.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Because your questions focus on the meetings of a county equalization board, I have discussed the "public meetings" requirement of the FOIA. However, I must note that county equalization boards are also subject to the "open records" requirement of the FOIA. It has a broader scope of applicability than the "public meetings" requirement, providing that "public records" include "writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by apublic official or employee, a governmental agency, or any other agencywholly or partially supported by public funds or expending public funds.
All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records." A.C.A. § 25-19-103(1).