The Honorable Chaney Taylor, Jr. State Representative P.O. Box 2721 Batesville, AR 72503-2721
Dear Representative Taylor:
I am writing in response to your request for an opinion on the following question:
 Are the Arkansas Sheriff's Ranches subject to the Arkansas Freedom of Information Act?
You state that the information you have is that "the Arkansas Sheriff's Ranches do, in fact, receive and expend public funds, and that they are intertwined with the Arkansas Department of Human Services and Juvenile Court activities." It is my understanding, additionally, that the Sheriff's Ranches are organized as private, nonprofit entities.
RESPONSE
It is my opinion that the answer to your question will turn upon whether the Sheriff's Ranches are carrying on public business or are otherwise intertwined with the activities of government to an extent that the FOIA will be triggered under the analysis discussed below. This necessarily involves an inquiry into all of the particular surrounding facts and circumstances. I lack sufficient information to resolve this matter, nor is this office equipped or authorized to act as a finder of fact. I am thus unable to offer a conclusive response to your question. I will, however, set out what I believe to be the relevant legal test to be applied under the particular facts.
The FOIA applies to all governmental entities within the state. A.C.A. §§25-19-103 (Supp. 2001) and 25-19-106(a) (Supp. 2001). It also applies to "any other agency wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103(1) (Supp. 2001). This language reveals that private, nongovernmental entities can be subject to the FOIA. See also generally Opinion No. 2001-069.
The mere receipt of public funds is not, however, alone sufficient to bring a private organization within the reach of the FOIA. The question is whether the private entity carries on "public business" or is otherwise intertwined with the activities of government. City ofFayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990) (private attorneys retained by city); Op. Att'y Gen. Nos. 2000-039 (private non-profit corporation licensed by the Department of Human Services to provide services for the developmentally disabled), 95-273 (private non-profit area on agency designated to provide services to older Arkansas under a federal grant program) and 90-243 (non-profit organizations that receive grants from cities or counties under A.C.A. §§14-173-101 to -105 to promote economic development). The court inEdmark, supra, in considering whether the files of private attorneys retained by a city were public records, determined that the FOIA should apply when the government "seeks to conduct its affairs through private entities," for in that situation "it seems clear that those entities are for all practical purposes the government itself." 304 Ark. at 187, quoting J. Watkins, Access to Public Records Under the Arkansas Freedomof Information Act, 37 Ark. L. Rev. 741, 764 (1984).
Professor Watkins, a recognized commentator on the FOIA, has summarized the test that applies to private organizations as follows:
 [T]he FOIA applies only to private organizations that (1) receive public funds, (2) engage in activities that are of public concern, and (3) carry on work that is intertwined with that of government bodies. This approach is sound. If the mere receipt of public funds were enough to trigger the act, it would reach anyone who received government largesse, including welfare recipients and private hospitals that receive Medicare and Medicaid payments. As the Supreme Court has recognized, however, the FOIA should apply when the government `seeks to conduct its affairs through private entities,' for in that situation `the entities are for all practical purposes the government itself.' Or, as the Attorney General has put it, the FOIA covers a publicly funded organization that enjoys a `symbiotic relationship' with the state or its political subdivisions: `[w]hen the activities of a private organization and the government become intertwined, the private organization may well render itself part of the State for [FOIA] purposes.'
J. Watkins, The Arkansas Freedom of Information Act 42 (3rd ed. 1998) (footnotes omitted) (quoting Edmark, 304 Ark. at 187 and Ark. Op. Att'y Gen. No. 83-163).
As this office has previously noted, it is unclear just how "intertwined" the private entity must be with the government before the FOIA will be deemed applicable. See, e.g., Op. Att'y Gen. Nos. 96-013 and 92-205. It has been suggested that "perhaps the most obvious case of such intertwining occurs when a private entity receives public funds for the general support of activities that are closely aligned with those of government." The Arkansas Freedom of Information Act, supra at 43, citingRehab Hospital Services, Corp. v. Delta-Hills Health Systems Agency,Inc., 285 Ark. 397, 687 S.W.2d 840 (1985) (assistance of private body in reviewing proposed changes in the state's health care delivery system).See also Op. Att'y Gen. Nos. 2000-039 and 95-273, supra, and 90-236 (911 Communications Center supported by public funds), 89-372 (administrative body for a regional hazardous materials response team), 89-082 (nonprofit organization that assists local law enforcement in emergency situations).
With regard to the Sheriff's Ranches at issue in this instance, a conclusive determination will, I believe, require a review of their overall operations, as well as any particular activities or functions for which they receive public funds. As discussed above, the question ultimately turns on whether there is sufficient alignment with the government, or "intertwining" of functions, to trigger the FOIA. It must also be noted that even if the facts disclose particular publicly funded activities that are closely aligned with the government, this will not necessarily be determinative of the FOIA's general applicability to these private entities. A question may remain as to the precise extent to which the FOIA applies. See, e.g., Edmark, supra, 304 Ark. at 187 (indicating that in the case of a private entity supported in part by public funds, the FOIA applies only to meetings and records "relevant to the task" relating to the "public business.") This principle has been expressed as follows:
 The Court's opinion in [Edmark, supra] suggests rather clearly that a private organization that enjoys only partial financial support from government is only partially bound by FOIA requirements. That is, the act will apply only to records and meetings `relevant to [the] task' for which a private contractor is hired or a nonprofit corporation receives a government grant. . . .
The Arkansas Freedom of Information Act, supra at 47.
As is apparent from the foregoing, your question requires a fact-intensive review of the Sheriff's Ranches operations and funding. While I am, consequently, unable to conclusively resolve the matter, the foregoing analysis will hopefully assist in framing the necessary legal and factual review.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh