The Honorable Morril Harriman State Senator 522 Main Van Buren, AR 72956
Dear Senator Harriman:
You have requested an Attorney General opinion concerning the abolishment of a county emergency medical services (EMS) administrative board.
You indicate that a county quorum court created an EMS board in 1986. In January of 2000, the budget needs of the board were to have been discussed at a meeting of the quorum court that was scheduled for January 6, 2000. However, on January 4, 2000, the agenda of the meeting was changed to provide for a discussion of the abolishment of the board. You state that at the January 6 meeting, an ordinance abolishing the board was read and passed, without the knowledge or input of the citizens of the county.
In light of the above-described situation, you have asked:
 (1) Was it legal for the quorum court to vote to abolish the EMS administrative board without seeking the opinion and input of the public?
 (2) Is it legal for a person to serve in the position of mayor and at the same time serve as a quorum court member?
RESPONSE
Question 1 — Was it legal for the quorum court to vote to abolish the EMSadministrative board without seeking the opinion and input of thepublic?
It is my opinion that if, in fact, the quorum court did not allow the public a reasonable opportunity to participate in the discussion concerning the abolishment of the EMS board, the quorum court acted in violation of A.C.A. § 14-14-109(b).[1] That statute states in pertinent part:
 (a)(1) All meetings of a county government governing body, board, committee, Or any other entity created by, or subordinate to, a county government shall be open to the public except as provided in subdivision (2) of this subsection.
* * *
 (b) In any meeting required to be open to the public, the county quorum court, committee, board, or other entity shall adopt rules for conducting the meeting which afford citizens a reasonable opportunity to participate prior to the final decision.
A.C.A. § 14-14-109(a)(1), (b).
This statute does not specify the extent to which the public must be allowed to participate, or what would constitute "a reasonable opportunity to participate." Moreover, it is unclear how much prior notice of the agenda would be necessary to allow the public a reasonable opportunity to participate. See Op. Att'y Gen. No. 95-230. Nevertheless, the statute clearly does require, at a minimum, that the public be given a reasonable opportunity to participate "prior to the final decision" on matters that come before the body in question. See Op. Att'y Gen. No.99-248. Therefore, if it can be factually established that the public was not afforded a "reasonable opportunity to participate prior to the final decision" of the quorum court to abolish the EMS board, I would conclude that the quorum court acted in violation of A.C.A. § 14-14-109(b).
The statute does not state whether actions taken by a quorum court in violation of the statute are rendered invalid by the violation. Moreover, this issue has not been addressed by the Arkansas courts in the context of this statute. However, a similar issue has been addressed in the context of other statutes. For example, the Arkansas Supreme Court has held that acts taken in a meeting that violates the Freedom of Information Act are voidable. See Rehab Hosp. Serv. v. Delta-Hills HealthSys. Inc., 285 Ark. 397, 687 S.W.2d 840 (1985). There, a board took action by way of a meeting that violated the requirements of the Freedom of Information Act. Even though the Freedom of Information Act provides for certain specific remedies for violations, the court held that it was not limited to these remedies, and that an appropriate remedy would be a judicial declaration that the board's actions were voidable. However, the court also held that the aggrieved parties should have given notice to the board of the infraction and allowed the board to meet properly and ratify the acts before filing a lawsuit.
In light of the absence of any reference in A.C.A. § 14-14-109 to remedies for violation, it is likely that the court would handle a violation of A.C.A. § 14-14-109(b), such as the one you have described, in a manner similar to the approach taken in Rehab Hospital. Under this approach, if it were proved by a preponderance of the evidence that the quorum court violated A.C.A. § 14-14-109(b) a court considering the matter could plausibly hold the act of abolishing the EMS board voidable. However, any party aggrieved by the quorum court's action should allow the quorum court an opportunity to comply with A.C.A. §14-14-109(b) before seeking to have the quorum court's act judicially invalidated.
I reiterate that the issue of the effect of a violation of A.C.A. §14-14-109(b) upon the validity of a board's actions has not been addressed by the courts. It is therefore not certain that the matter would be handled as I have described. Nevertheless, pending judicial determination of this issue, I find that this approach is a reasonable one, given the court's decision in Rehab Hospital, supra.
Question 2 — Is it legal for a person to serve in the position of mayorand at the same time serve as a quorum court member?
It is my opinion that it is legal for a person to serve simultaneously in the position of mayor and on the quorum court.
This question is governed by the legal principles that have developed in relation to the issue of dual office-holding. The Arkansas Supreme Court has indicated that there are three possible types of legal prohibitions to the concurrent holding of two offices: Constitutional prohibitions, statutory prohibitions, and common law prohibitions (i.e., the common law "doctrine of incompatibility"). Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). It is my opinion that there are no constitutional or statutory prohibitions to this type of dual service. Moreover, such service is not prohibited by the doctrine of incompatibility, because the interests of the two positions do not conflict, and neither position has supervisory or auditory authority over the other. Tappan v. Helena Fed.Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458 (1937); State ex relMurphy v. Townsend, 72 Ark. 180 (1904). Accord, Ops. Att'y Gen. Nos.93-276; 88-083.
For these reasons, I conclude that dual service as mayor and quorum court member is legally permissible.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that the abolishment of the board could have implications concerning the board's outstanding bond obligations. See
A.C.A. § 14-137-120—122.