The Honorable Buddy Blair State Representative 500 North 18th Street Fort Smith, AR 72901-3306
Dear Representative Blair:
You have presented the following question for my opinion:
 Did the City of Fort Smith act within the purview of the law without public hearings and open bidding on the purchase and sale of real property?
You have provided documentation concerning the purchase and sales in question. This documentation indicates the following chronology of facts concerning the sales:
 • The City of Fort Smith purchased the property in question at a public auction held on April 18, 2002, after foreclosure on the property.
 • There had been no public disclosure of the City's plan to bid on the property.
 • It was later learned that the City administration had "polled" the Board of Directors and received their individual approval to bid on the property. No public meeting was announced or held prior to the bidding and purchase.
 • An ordinance was placed on the agenda for the Fort Smith Board of Directors regular meeting held Tuesday, May 20, 2003. Attached to the ordinance were contracts for the sale of real property naming the City of Fort Smith as seller and two business entities as individual buyers of two tracts of property.
• The property was sold without competitive bidding.
• Announcement was then made to the public.
RESPONSE
Summary of Response: It is my opinion that Arkansas law does not require open competitive bidding for the purchase or sale of real property by cities. However, Arkansas law does require approval of such real property transactions by a majority vote of the city council. This vote must take place at a public meeting of the city council, of which the public has been given notice.
Discussion
As an initial matter, I must point out that I am not authorized to act as a finder of fact. Rather, my role is limited to discussing the legal principles that are applicable to the facts of the case, as you have reported them. However, I recognize that these facts may be disputed. I cannot evaluate the accuracy of your account of the facts. For this reason, I cannot draw any definitive conclusions concerning the legality of the purchase and sales about which you have inquired. Nevertheless, the legal principles discussed below will be valid regardless of the particular set of facts that are determined by an authorized finder of fact to be accurate.
Although cities are required to obtain bids prior to making certain kinds of expenditures, see A.C.A. §§ 14-58-303 and 22-9-203,[1] cities are not required to obtain bids for the purchase or sale of real property. The purchase and sale of real property by cities is governed generally by the provisions of A.C.A. § 14-54-302, which states:
 (a) Municipal corporations are empowered and authorized to buy, sell, convey, lease, rent, or let any real estate or personal property owned or controlled by the municipal corporations. This power and authorization shall extend and apply to all such real estate and personal property, including that which is held by the municipal corporation for public or governmental uses and purposes.
A.C.A. § 14-54-302(a).
The statute sets forth only one formal requirement in connection with such transactions, as follows:
 (c) The execution of all contracts and conveyances and lease contracts shall be performed by the mayor and city clerk or recorder, when authorized by a resolution, in writing, approved by a majority vote of the city council present and participating.
A.C.A. § 14-54-302(c).
In addition to meeting the above-quoted requirement, real property transactions must of course be supported by adequate consideration. For a discussion of this issue, see Op. Att'y Gen. No. 96-351. The question of whether the consideration for a particular transaction is adequate is a question of fact that can be determined only by an authorized finder of fact.
I note that the above-quoted provision requires that real estate transactions be approved by a majority vote of the city council "present and participating." This language seems to contemplate a "meeting" of the city council as provided for in A.C.A. § 14-42-502, which requires that the meetings of the city council be open to the public. If the approval of the real estate purchase you have described was accomplished by a "polling" of the members of the city council individually, rather than at a public meeting of the city council, not only was this provision violated, but the requirements of the Arkansas Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.) were also violated. The FOIA requires that all meetings of the governing bodies of all municipalities be held openly, and that notice of such meetings be given to the public. A.C.A. §25-19-106. Moreover, the Arkansas Supreme Court has held that decision-making by means of a private "polling" of a governing body, without that process being made open to the public, violates the open meetings requirement. See Rehab Hosp. Serv. v. Delta-Hills Health Sys.Inc., 285 Ark. 397, 687 S.W.2d 840 (1985). It should be noted, however, that the court also held that actions taken by a body in violation of the FOIA will not be invalidated until the body is given an opportunity to rectify its actions. Id.
I reiterate that the foregoing discussion should not be interpreted as a commentary on the legality of the transactions about which you have inquired. Rather, it should be read as simply setting forth the legal principles under which the transactions must be evaluated.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It is my opinion that the provisions of A.C.A. § 14-58-303 and A.C.A. § 22-9-203 do not apply to expenditures for the purchase of real property. The bidding requirements of A.C.A. § 14-58-303 apply to "purchases of all supplies, apparatus, equipment, materials, and other things requisite for public purposes in and for the city" and to "all necessary contracts for work or labor to be done or material or other necessary things to be furnished for the benefit of the city, or in carrying out any work or undertaking of a public nature therein." The bidding requirements of A.C.A. § 22-9-203 apply to "contract[s] providing for the making of major repairs or alterations, for the erection of buildings or other structures, or for making other permanent improvements." In my opinion, these descriptions do not encompass real property. This conclusion is bolstered by the fact that a separate set of statutes, A.C.A. § 14-54-301 et seq., governs the purchase and sale of real property by cities. It should also be noted that even if the provisions of A.C.A. § 14-58-303 were construed to apply to purchases of real property, the statute grants the city's governing body the authority to waive the bidding requirements "in exceptional situations where this procedure is deemed not feasible or practical." A.C.A. §14-58-303(b)(2)(B).