The Honorable Jerry Taylor State Senator 6203 Ridgewood Drive Pine Bluff, AR 71603
Dear Senator Taylor:
I am writing in response to your request for an opinion on the following:
 The USA Rice Federation is a 501(c)(6) non-profit corporation. It receives and expends public funds. The USA Rice Federation ("Federation") is intertwined and performs services for the Arkansas Rice Research and Promotion Board. The Federation is engaged in activities that are of a public concern, such as the promotion and marketing of Arkansas rice for the benefit of rice farmers, mills and marketers and the general economy of the state.
 The Federation is involved with the USDA and Foreign Agricultural Service to influence policy and law regarding agricultural and processing issues. The funds are also combined with funds from other state promotional boards and industry sources, as well as from the Foreign Agricultural Service of the U.S. Department of Agriculture, for the purpose of conducting promotion and market development for U.S. grown rice.
 The Freedom of Information Act applies to all governmental entities within the state. It also applies to "any other agency wholly or partially supported by public funds or expending public funds."
 In your opinion is the USA Rice Federation subject to the Arkansas Freedom of Information Act?
RESPONSE
I am unable to make a final determination from the factual information provided as to whether the USA Rice Federation is intertwined with the Arkansas Rice Research and Promotion Board to such an extent as to subject the USA Rice Federation to the Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 through -109 (Repl. 2002 Supp. 2005). I have, however, set forth the generally applicable standards below.
You have phrased your request for an opinion broadly as to whether the USA Rice Federation is subject to the FOIA without specifying if you referring to the FOIA public record disclosure requirements, public meeting requirements, or both. Upon review of the materials included with your request for an opinion, it is apparent that your concern is with the public records disclosure provisions of the FOIA.
I have described the standard for determining whether a private entity will be subject to the record disclosure provisions of the FOIA as follows:
 In Op. Att'y Gen. 2002-274, my predecessor had occasion to set forth the standard for analyzing the issue of whether a private entity's records are "public records," subject to the Freedom of Information Act. He stated:
 The FOIA applies to all governmental entities within the state. A.C.A. §§ 25-19-103 (Supp. 2001) and 25-19-106(a) (Supp. 2001). It also applies to "any other agency wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103(1) (Supp. 2001). This language reveals that private, nongovernmental entities can be subject to the FOIA. See also generally Opinion No. 2001-069.
 The mere receipt of public funds is not, however, alone sufficient to bring a private organization within the reach of the FOIA. The question is whether the private entity carries on "public business" or is otherwise intertwined with the activities of government. City of Fayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990) (private attorneys retained by city); Ops. Att'y Gen. Nos. 2000-039
(private non-profit corporation licensed by the Department of Human Services to provide services for the developmentally disabled), 95-273 (private non-profit area on agency designated to provide services to older Arkansas under a federal grant program) and 90-243 (non-profit organizations that receive grants from cities or counties under A.C.A. §§ 14-173-101 to -105 to promote economic development). The court in Edmark, supra, in considering whether the files of private attorneys retained by a city were public records, determined that the FOIA should apply when the government "seeks to conduct its affairs through private entities," for in that situation "it seems clear that those entities are for all practical purposes the government itself." 304 Ark. at 187, quoting J. Watkins, Access to Public Records Under the Arkansas Freedom of Information Act, 37 Ark. L. Rev. 741, 764 (1984).
 Id. at 2-3, quoting Op. Att'y Gen. No. 2001-352.
 In addition, Professors Watkins and Peltz, recognized commentators on the FOIA, have summarized the test that applies to private organizations as follows:
 [T]he FOIA applies only to private organizations that (1) receive public funds, (2) engage in activities that are of public concern, and (3) carry on work that is intertwined with that of government bodies. This approach is sound. If the mere receipt of public funds were enough to trigger the act, it would reach anyone who received government largesse, including welfare recipients and private hospitals that receive Medicare and Medicaid payments. As the Supreme Court has recognized, however, the FOIA should apply when the government "seeks to conduct its affairs through private entities," for in that situation "the entities are for all practical purposes the government itself." Or, as the Attorney General has put it, the FOIA covers a publicly funded organization that enjoys a "symbiotic relationship" with the state or its political subdivisions: "[w]hen the activities of a private organization and the government become intertwined, the private organization may well render itself part of the State for [FOIA] purposes."
 J. Watkins and R. Peltz, The Arkansas Freedom of Information Act, at 50-51 (4th ed. 2004) (footnotes omitted) (quoting Edmark, 304 Ark. at 187 and Ark. Op. Att'y Gen. No. 83-163).
 As this office has previously noted, it is unclear just how" intertwined" the private entity must be with the government before the FOIA will be deemed applicable. See, e.g., Op. Att'y Gen. Nos. 2002-274; 2001-352; 2001-069; 96-013; and 92-205. Using Rehab Hospital Services, Corp. v. Delta-Hills Health Systems Agency, Inc., 285 Ark. 397, 687 S.W.2d 840 (1985), as an example where a private organization was assisting the state in reviewing proposed changes to the health care system, Professors Watkins and Peltz suggest that "perhaps the most obvious case of such intertwining occurs when a private entity receives public funds for the general support of activities that are closely aligned with those of government." The Arkansas Freedom of Information Act, supra at 51-52.
Op. Att'y Gen. 2005-067.
This three prong test requires a factually intensive analysis of the totality-of-the-circumstances. See, e.g., Ops. Att'y Gen. 2002-274; and 2001-069. To apply this test to the relationship between the USA Rice Federation and the Arkansas Rice Research and Promotion Board would require a factually intensive analysis of the relationship between the two entities as well as the promulgated duties of each and any specific contractual language. This analysis is properly the purview of the judicial branch of government. While in your request for an opinion, you state that the USA Rice Federation engages in activities of public concern and is intertwined with the Arkansas Rice Research and Promotion Board, only a complete examination of the surrounding facts will allow for a definitive conclusion in that regard.
If the "intertwining" you describe is sufficient, the USA Rice Federation would be subject to the FOIA. I cannot, however, on the basis of the information provided conclude whether the requisite standard has been met. I have enclosed copies of Ops. Att'y Gen. 2005-067; 2002-274; and 2001-069 for your convenience and to assist in framing the exact issues in determining the applicability of FOIA to a private non-profit organization.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh Enclosures